**FILED**
**U.S. District Court**
**District of Kansas**
05/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOHNNY LEE BALDWIN,

      **Plaintiff,**

      v.                                    **CASE NO.  26-3069-JWL**

JEFFREY S. ADAM, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Saline County Jail in Salina, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On March 27, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ('MOSC") ordering Plaintiff to show good cause why this action should not be dismissed due to the deficiencies set forth in the MOSC.  This matter is before the Court on Plaintiff's responses (Docs. 8, 9).

Plaintiff's factual allegations are set forth in detail in the MOSC.  In summary, Plaintiff's claims relate to his state criminal proceedings.  *See State v. Baldwin*, Case No. SA-2025-CR-000643 (District Court of Saline County, Kansas) (filed October 3, 2025).  Plaintiff names as defendants:  Jeffrey S. Adams, defense attorney; Judge Allie Burris; and Andrew C. Couch, Saline County Deputy District Attorney.  For relief, Plaintiff seeks to have his charges dismissed and $600,000 in damages. *Id*. at 5.  The Court found in the MOSC that any claim seeking release from imprisonment is not cognizable in a § 1983 action.

The Court found in the MOSC that Plaintiff failed to name a proper defendant.  The Court found that the state court judge is entitled to judicial immunity, the state prosecutor is entitled to prosecutorial immunity, and Plaintiff's defense attorney is not a state actor as required under

1

§ 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)).  A criminal defense attorney does not act under color of state law even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).  The Court found that Plaintiff's claims against all three named defendants were subject to dismissal.

The Court also found that even if Plaintiff had named a proper defendant, the Court would be prohibited from hearing his claims regarding his ongoing state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The Court noted that Plaintiff has filed a prior case raising claims regarding his state court criminal proceedings.  *See Baldwin v. Newton*, Case No. 26-3027-JWL (D. Kan.)  The Court advised Plaintiff in that case that the Court may be prohibited from hearing Plaintiff's claims under *Younger* because his state court criminal proceedings remain pending.

An online Kansas District Court Records Search shows that Plaintiff's state criminal proceedings are pending.  *See State v. Baldwin*, Case No. SA-2025-CR-000643 (District Court of Saline County, Kansas) (filed October 3, 2025).  On March 26, 2026, the state court entered a Journal Entry finding that Plaintiff "should be committed to Larned State Security Hospital,[1]

---

[1]  The order refers to the Larned State Security Hospital.  The Larned State Hospital is a psychiatric hospital comprised of three distinct programs, including the State Security Program (SSP).  *See*  https://www.larnedcares.com/about-us (last visited May 6, 2026).

Larned, Kansas, for further evaluation and treatment pursuant to K.S.A. 22-3303." *Id*. at March 26, 2026 Journal Entry.[2]

The Court noted in the MOSC that although the Court would normally give Plaintiff an opportunity to request a stay of this case based on his request for damages, Plaintiff failed to name a state actor that is not immune from liability for damages. The Court ordered Plaintiff to show good cause why this Court should not abstain from hearing this case based on *Younger* and why the Court should not decline to stay this case for failure to name a proper defendant.

In his responses, Plaintiff continues to assert claims regarding his state criminal proceedings. (Docs. 8, 9.) Plaintiff does not address *Younger* abstention and acknowledges the March 26, 2026 order committing Plaintiff to Larned State Hospital. (Doc. 8, at 2.) Plaintiff has failed to show good cause why the Court should not abstain under *Younger*, and Plaintiff has failed to show good cause why the Court should not decline to stay this case for failure to name a proper defendant. Furthermore, Plaintiff already has a case pending in this Court where he challenges his state court criminal proceedings. *See Baldwin v. Newton*, Case No. 26-3027-JWL (D. Kan.) (alleging claims regarding state criminal proceedings, including tampering with evidence, Brady violations, a false news report, warrantless search and seizure, false charges, no bond for four months, coerced confessions, and violations of the 1st, 4th, 5th, 6th, 8th, and 14th Amendments). The Court has stayed Case No. 26-3027 pending resolution of Plaintiff's ongoing state court criminal proceedings.

Therefore, the Court dismisses the instant case without prejudice. Plaintiff's motions seeking the issuance of subpoenas and/or summonses are denied as moot.

---

[2] The Journal Entry was entered in Case Nos. SA-2025-CR-000643, SA-2025-CR-000174, and SA-2024-CR-000627.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for issuance of subpoenas and/or summonses (Docs. 5, 12) are **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a copy of this Memorandum and Order at his current address of record at the Saline County Jail, and another copy to Plaintiff at the Larned State Hospital.

**IT IS SO ORDERED**.

**Dated May 7, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**